## Commonwealth *v.* KoEune, Appellant.

*Criminal law—Obtaining signature by false pretenses—Intention—Evidence—Act of March 31, 1860, Sec. 111, P. L. 410.*

A conviction on an indictment for obtaining by false pretense the signature of a person to a written instrument with intent to cheat and defraud, may be sustained, although there is no evidence to show that the plaintiff secured any property by his misrepresentations.

Where in such a case it appears that the defendant falsely represented that he was the adjuster of an insurance company, and by such pretense secures from the prosecutor his signature to an agreement by which he obligates himself to pay ten per cent. of

176, (1918).]   Syllabus—Opinion of Court below.

the amount of the insurance to the defendant, when the proofs of loss are filed, there is sufficient proof to show an intent on the part of the defendant to cheat or defraud the prosecutor. It is no defense to such an indictment that the prosecutor did not read the instrument he signed, before signing it.

Argued Nov. 12, 1917. Appeal, No. 306, Oct. T., 1917, by defendant, from judgment of Q. S. Lancaster Co., Sept. T., 1916, No. 54, on verdict of guilty in case of Commonwealth v. P. Curtis KoEune. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for obtaining the prosecutor's signature to a paper by false pretenses.

At the trial the jury returned a verdict of guilty. Subsequently HASSLER, J., discharged the rule for a new trial in an opinion in which he stated the facts to be as follows:

The defendant was convicted on an indictment which charged that he did "unlawfully and knowingly and designedly falsely pretend to the said E. W. Brown, whose personal property, located in the Imperial Hotel, Lancaster, Pennsylvania, had been destroyed by fire and was insured by various insurance companies, that he the said P. Curtis KoEune was the insurance adjuster sent up to adjust the said E. W. Brown's fire loss,......  by color and means of which said false pretense and pretenses, he, the said P. Curtis KoEune, did then and there unlawfully, knowingly and designedly obtain from the said E. W. Brown his signature to the attached contract, with intent to cheat and defraud, etc." The contract to which the signature of the said E. W. Brown was obtained, a copy of which is attached to the indictment, is as follows:

"To the Insurance Companies interested:

"This is to certify that P. Curtis KoEune Co., Inc., or its representative is hereby retained to advise and assist in the adjustment of the insurance claim arising in con-

sequence of fire, smoke and water which occurred at 33-35 W. King street, Lancaster, Pa., on the 31st day of March, 1916, to stock—fixtures—building—plant—household furniture and it is agreed to pay the said P. Curtis KoEune Co., Inc., for such services a fee of ten per cent. (10%) of the amount of adjustment and expenses, hereby assigning to the P. Curtis KoEune Co., Inc., all moneys due or to become due from the insurance companies interested to the extent of said fee and advances. The fee of P. Curtis KoEune Co., Inc., shall be due after proofs of loss are sworn to and no fee to be less than twenty-five dollars.

"E. W. BROWN (SEAL).

"Witness: P. C. KoEUNE."

At the trial E. W. Brown, the prosecutor, testified that a fire injured some of his property, consisting of furniture, etc., located in the Imperial Hotel in this city, and that he was insured, against any loss to it by fire, in two policies of insurance issued by the Glens Falls Fire Insurance Company.

The fire occurred on March 31, 1916, about ten o'clock a. m. The defendant called upon him between two and three o'clock p. m., and again at five o'clock p. m. of the same day. On his first visit he said that "he was the adjuster for the insurance company, was sent there to adjust this loss by the insurance company that I had." On his second visit he testifies as follows: "He calls to my wife and myself to come over, he wanted to get this thing fixed up, the sooner it was fixed up the sooner it was over. He told us then he was the adjuster for the insurance company I was insured in, and he said: 'Sign your name here, and I will go ahead and adjust this loss.'" It is proven also that the defendant was not an adjuster for the insurance company nor sent by it to adjust the loss.

The next morning, April 1, 1916, the defendant again called upon the prosecutor. The local agent of the insurance company was present at that time. He told the

176, (1918).]  Opinion of Court below—Opinion of the Court.

prosecutor, not in the hearing of the defendant, that the defendant was not the insurance company's adjuster, and the prosecutor thereupon refused to allow him to do anything further. The defendant then said, "I have got your signature and you have to pay me anyhow." On the same day S. R. Zimmerman, Esq., acting as attorney for the defendant, sent notices to the insurance company of the assignment, and also gave it a copy of the same. Most of this testimony is corroborated by several witnesses.

Verdict of guilty, upon which sentence was passed.

*Error assigned,* among others, was in refusing binding instructions for defendant.

*F. R. Shattuck,* with him *John A. Nauman* and *S. R. Zimmerman,* for appellant.—It is submitted that there is nothing in the evidence to show that there was any intent on the part of the defendant to cheat and defraud the prosecutor: Com. v. Mullen, 4 Pa. Dist. Rep. 656.

It is submitted that a false pretense must be "the assertion of the existence of some fact which, if true, would be entitled to credit, and from its very nature calculated to impose on a man, exercising common prudence, foresight and caution, and is the ground upon which credit is given: Com. v. Getler, 19 Pa. C. C. R. 248; Com. v. Springer, 8 Pa. C. C. R. 115; Com. v. McCrossin, 2 Clark 6 (Q. S. Philadelphia Co. 1843) ; Com. v. Mullen, 4 Pa. Dist. 656; Com. v. Gockley, 14 Pa. Dist. Rep. 535; Urban v. Tyszka, 16 Pa. Dist. Rep. 625; Com. v. Hinden, 19 Pa. Dist. 718; Com. v. Snyder, 23 Pa. Dist. Rep. 661; Com. v. Howard, 24 Pa. Dist. Rep. 1075.

*John E. Malone,* with him *S. V. Hosterman,* District Attorney, for appellee, cited: Com. v. Henry, 22 Pa. 253.

OPINION BY HENDERSON, J., March 2, 1918:

The defendant was indicted under the 111the Section

of the Act of March 31, 1860, for having obtained the signature of the prosecutor to a written instrument by false pretense with intent to defraud. It was admitted that the paper described in the indictment contained the prosecutor's signature. The questions submitted to the jury were whether the signature was procured by false pretense; whether the pretense was of such a character as would deceive a man of ordinary prudence; and whether the signature was obtained with intent to defraud. An affirmative answer to these questions is implied in the verdict of the jury. The argument of the learned counsel in support of the appeal is summarized in three propositions: (1) there is no evidence to show that the defendant or the corporation which he represented ever obtained any property from the prosecutors; (2) there is no evidence to show that there was any intent on the part of the defendant to cheat or defraud the prosecutor; (3) the prosecutor is not entitled to the aid of any court because he was guilty himself of gross negligence in not reading the writing which he signed before he did sign it. It need only be said with reference to the first of these that it is not important under the indictment that the defendant obtained property from the prosecutor. The section of the Crimes Act under which the indictment is drawn covers not only the obtaining of any chattels, money or valuable security but also the obtaining of a signature to a written instrument by false pretense and it is the latter act which is charged against the defendant. No question of the obtaining of property is involved in the prosecution. The obtaining of a signature with the criminal intent is sufficient to support a conviction and the offense is completed when the instrument is signed and delivered to one who takes it with the intent to defraud although no loss has been sustained.

The intent to defraud may generally be inferred from the acts of the accused and need not be substantially proved. In most cases it would be impossible to secure a conviction except from the logical inferences to be

drawn from the admitted or established facts.   It is not to be doubted that the instrument signed by the prosecutor on its face created a liability and gave to the company represented by the defendant a prima facie claim for ten per cent. of the insurance to be recovered from the insurance company, payable when the proofs of loss were filed.   If the false pretense was made as charged in the indictment the reasonable conclusion to be drawn from the connection of the false pretense with the assignment of ten per cent. of the amount of the insurance would be that the false pretense was used to enable the KoEune Company to obtain that amount from the prosecutor.   The object of the pretense could only have been to enable the KoEune Company to obtain money.   The plaintiff's counsel contend that no fraud could have been perpetrated because the KoEune Company became bound to aid the insured in obtaining the amount of his loss; that this was advantageous to the latter rather than a fraud on him.   But this is not a sufficient answer to the accusation in the case.   The owner of the property was not bound to employ any person to assist him in collecting his loss.   No controversy had arisen with the insurance company.   He was under no duty to pay the amount named in the paper in question and if he was tricked into an obligation to pay what he would not have been called upon to pay or to pay a larger amount than that for which like service could have been had it would be a fraud on him to make use of the obligation which he signed.   The conclusion of an intent to cheat in such case is reasonable.

It can not be declared as a matter of law that the prosecution can not be sustained because the prosecutor did not read the instrument which he signed before signing it.   The statute was not enacted for the protection of the shrewd and capable only.   Those having common prudence are as well within its protection and it is no less a false pretense because the party imposed upon by the exercise of common prudence might have avoided

the imposition: Com. v. Henry, 22 Pa. 253. We are asked in the argument in behalf of the appellant to hold that the declaration of the law in the case cited was a dictum, but we do not so understand it. It is of course, conceivable that a pretense might be so trifling or absurd as to warrant a court in saying that it was not calculated to deceive but where the pretense is such as might well mislead the confiding and unwary a fraud ought not to be ignored because care and circumspection were not exercised by the person imposed on. Moreover, the question would ordinarily be one for the determination of the jury and the trial judge submitted that question in a manner to which no objection has been taken. That the prosecutor was deceived is shown by the verdict. The pretense produced the desired result and the defendant obtained for his company the advantage of a contract which obligated the prosecutor to pay it a considerable sum of money which so far as appears in the case he would not have undertaken to pay if he had known the character of the document which he was signing and had understood that the defendant was not the adjuster in the company by which he was insured.

The assignments are overruled and the judgment affirmed.