## Commonwealth *v.* Altieri and Greeby, Appellants (No. 1).

*Criminal law—False pretense—Written contract—Verbal representations.*

A conviction on an indictment for obtaining, by false pretense, the signature of a person to a written instrument with intent to cheat and defraud, may be sustained, although there is no evi-

dence to show that the defendants secured any property by their misrepresentations.

In a prosecution for obtaining money by false pretense, arising out of the sale of an automobile, where it appeared that the prosecutor and defendants had entered into a written agreement for the sale of an automobile described therein as a used car, it was not error to admit testimony of the verbal representations made by the defendants regarding the condition of the car and the extent to which it had been used.

In such case, it was error to admit in evidence an affidavit as to the previous history of the car, which was not made by the defendants, and where no proof was offered to show that the defendants knew what the affidavit contained.

*Charge of court—Instruction to jury—Character evidence.*

In instructing a jury on the question of character evidence it is error for the trial judge to tell them that they should consider whether it was "possible" that a man, of the character testified to, could have committed the act charged. The use of the word "possible" constituted error. What the jury should have been told to consider was whether it was "probable" that the defendant would have committed the crime.

Argued October 11, 1921.    Appeal, No. 179, Oct. T., 1921, by defendants, from judgment of Municipal Court of Philadelphia, Sept. T., 1920, No. 599, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Alexander Altieri and E. D. Greeby.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.    Reversed.

Indictment for obtaining the signature of the prosecutor to a check by false pretense.    Before GORMAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.    Defendants appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*Albert L. Moise* and *Francis Shunk Brown,* and with them *Edgar L. Lank,* for appellants.

*Franklin E. Barr,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 15, 1921:

The indictment charges the defendants with having by means of false pretenses obtained the signature of the prosecutor to a check. The false pretenses related to a certain Cole automobile which the prosecutor bought through the defendants who were employees of the vendors. It is alleged that the defendants represented that the car was in perfect working condition, had been used only as a demonstrating car, and had been operated for a distance of not more than 3,000 miles. Taking the testimony produced by the Commonwealth as verity, it was shown that these statements were untrue. The defendants claim that the court should have directed a verdict of not guilty. It is argued that the intent to defraud was not shown, but this may generally be inferred from the acts of the accused, and need not be substantially proved: Com. v. KoEune, 69 Pa. Superior Ct. 176. The defendants were intimately connected with the business of the vendors. There was every reason to believe that they knew the condition of the car. They assumed knowledge of the circumstances connected with the sale, they asserted positively that the car was used only for demonstration and had not been used for any other purpose, and that it was in first-class condition. The request for binding instructions was properly refused by the court.

It is argued that the defendants obtained no benefit by their act. It is not necessary that they should have received part of the consideration. "The obtaining of a signature with the criminal intent is sufficient to support a conviction." See Commonwealth v. KoEune,

supra. That constitutes the crime as defined by the act of assembly.

The purchaser signed a written order for the car, in which were contained the words, "It is agreed that all previous communications between said parties, either verbal or written, contrary to the provisions of this contract are hereby abrogated and withdrawn." It is strenuously argued that the offer of the Commonwealth to prove the assertions made by the defendants, should have been rejected, as it was an attempt to vary the written agreement of the parties. It may be noticed that according to the testimony of the prosecutor and one of the defendants, the check in question was passed before the written order was given. If this be so, the crime was complete before the written contract was made. Assuming arguendo that the same rule applies in this case as in civil cases, we conclude that the testimony offered was not in contradiction of the written order. The defendants stated to the prosecutor that the car had been used, and the word "used" in the contract recognized that fact. The offer made is not that the defendants falsely pretended that the car had not been used, but that the car had only been used for a certain purpose, to wit: demonstration, and only for a certain number of miles, and was in perfect working condition. Proof of these facts did not contradict the written order. The condition of the car is not referred to in that.

The next question raised is more serious, and we think requires a reversal. The Commonwealth offered the affidavit required by law upon the sale of a secondhand car which disclosed the name of the prior owner of the Cole car. The previous history of the car was all important for the Commonwealth, for it was the basis of the proof showing that the assertions made by the defendants were false. The affidavit was made by Bowers, the vendor of the car, on information and not from personal knowledge. There was no proof that the defendants knew what the affidavit contained, and that the

knowledge therein had been conveyed to them. It is argued that defendants claim to have obtained their knowledge of the car from the records of the company, and that they of course knew of this affidavit, but it does not appear that this affidavit was part of the record of the vendor company. The defendants testified that what they referred to as records, was the tag that was put on the car. The affidavit was received by the prosecutor from the Bowers Company, the vendors of the car, and it does not appear that it was delivered by either of the defendants.

There was evidence introduced as to the condition of the car after the date of its transfer, and the cushions and several other parts of the car not designated on the record were brought into the court so as to produce visible evidence to the jury as to the condition of the car. They were objected to as not showing the condition of the car at the time it was purchased. There was testimony introduced to the effect that the parts of the car shown to the jury were in exactly the same condition as when possession passed. We do not think that under the objection as made and on the record as presented the admission of this evidence was error. However, before leaving the subject, we wish to state that the condition of the cushions would not warrant the jury to draw the inference that the car had run more than 3,000 miles. That would be mere guess work.

We think the instructions of the court as to the evidence of good character were erroneous. It applies only to one defendant, Greeby. The court said, "Reputation means this, gentlemen, that you are to consider as a part of the testimony in this case the fact that the defendant, Greeby, has brought upon the witness stand a number of men to testify that heretofore his reputation out in the community and the men a vast number of people has been that of an honest man and a man of integrity, and the law says the effect of that testimony is this, that you in weighing all the evidence are also to

consider whether it is possible that a man such as the witnesses have described, a man that bears such a good reputation, to have committed the act with which he is charged in this case." The use of the word "possible" was unfortunate. It is possible for a man of the highest reputation to fall, but what the jury is to consider is, whether it is probable that he would commit the crime charged.

In regard to the other assignments of error, as the case goes back for retrial, they require no notice, as the errors alleged to have been committed are not likely to occur again.

The judgment is reversed with a new venire.