# Commonwealth *v.* Mauk, Appellant.

*Criminal law—False pretences—Evidence—Sufficiency—Broken promise—Section 111, Act of March 31, 1860, P. L. 410.*

Upon an indictment for false pretences where the only evidence of misrepresentation was that the defendant, an undertaker, promised to provide a casket, shroud and proper funeral services, which promise he did not fulfill, it was error to submit the case to the jury under instructions that they could convict the defendant if they should find that, when making the promise, he had no intention of performing his obligations.

The criminal offense of false pretences, under section 111 of the Act of March 31, 1860, P. L. 410, depends upon the false assertion of an existing fact, and cannot be established by proof of a broken promise to perform some act in the future.

Argued March 14, 1922. Appeal, No. 19, March T., 1922, by defendant, from judgment of Q. S. Dauphin County, Sept. Sessions, 1919, No. 95, on verdict of guilty, in the case of Commonwealth v. Charles H. Mauk. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Reversed.

Indictment for false pretences. Trial before KUNKEL, P. J. Opinion and judgment of sentence by HARGEST, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various parts of the charge of the court, the action of the court in overruling defendant's motion in arrest of judgment, and refusal of the court to instruct the jury that they should return a verdict of not guilty, and the judgment and sentence of the court.

*John R. Geyer,* for appellant.—A false pretence to be within the statute, must be the assertion of an existing fact, not a promise to perform some act in the future: Com. v. Moore, 99 Pa. 570.

*Philip S. Moyer,* District Attorney, for appellee.—Misrepresentation of an intention is a misrepresentation of an existing fact: Edgington v. Fitzmaurice, 29 L. R. Ch. Div. 459; Com. v. Althouse, 207 Mass. 32; Com. v. Walker, 108 Mass. 309; State v. Dowe, 27 Ia. 273.

OPINION BY PORTER, J., July 13, 1922:

The defendant was indicted, found guilty and sentenced for obtaining money under false pretenses. The indictment charged that he did "falsely and designedly pretend to sell and deliver to Milliard W. McCracken, a certain casket of the value of fifty dollars and a shroud of the value of five dollars, then and there by him selected, wherein and wherewith to bury the body of Howard H. McCracken, whereas in truth and in fact, he, the said Charles H. Mauk, did not sell, nor did he deliver to him, the said Milliard W. McCracken, a certain casket of the value of fifty dollars and a shroud of the value of five dollars, then and there by him selected,......he, the said Charles H. Mauk, then and there well knowing the said pretense and pretenses to be false, by color and means of which false pretense and pretenses, he, the said Charles H. Mauk, did then and there unlawfully obtain from the said Milliard W. McCracken, fifty-five dollars lawful money of the United States,......being then and there the property of the said Milliard W. McCracken, with intent to cheat and defraud the said Milliard W. McCracken," etc. No motion was made to quash the indictment and any formal defects therein are cured by the verdict.

It is argued on behalf of the appellant that the indictment does not charge a criminal offense. The language of the 111th section of the Act of March 31, 1860,

P. L. 410, is very comprehensive and it has been held that acts may amount to a pretense as well as words: Com. v. Wallace, 114 Pa. 405. We are not prepared to say that if an intruder in a store, during the absence of the proprietor, should pretend to sell goods and take the money for the same from one who came in for the purpose of buying, leaving the premises before the return of the proprietor, he might not be convicted under this section of the statute, which, in its proviso, expressly authorizes such conviction, although the taking of the money may be in such a manner as to amount in law to larceny. The language of the indictment, above quoted, would cover such a case, and, also one where the defendant had delivered a package pretending that it contained certain goods, when in fact it contained nothing of value. When, in such a case, the defendant considers himself entitled to more specific information as to the nature of the offense with which he is charged, his proper course is to apply for a bill of particulars. A judgment is not to be arrested, after a trial on the merits, on the ground that the evidence was not sufficient. The court did not err in overruling the motion in arrest of judgment.

The testimony at the trial disclosed and the verdict of the jury must be accepted as establishing that Howard H. McCracken, an inmate of the insane asylum at Harrisburg, died and his body was taken to the undertaking establishment of this defendant; Milliard W. McCracken, a brother of the deceased, residing at Altoona, went to Harrisburg and found the body in the defendant's establishment. Thereupon McCracken made arrangements with the defendant for the purchase of a suitable casket and shroud, the services of a minister, and the burial of the body. The defendant assured McCracken that he would for $55, furnish a nice casket that would be lined. McCracken then personally selected, from the stock of the defendant, the shroud that he wanted, the price of which was $15. He then paid to the defendant an amount covering the items for the casket

and shroud, $5 for the services of a minister, $20 for embalming, $15 for the grave and $8 for the removal and delivery of the body.   This occurred on Friday and it was arranged between them that the body should be buried on the following Monday.   McCracken went to his home in Altoona, and returned on Monday, went to the establishment of the defendant and was informed that the body had been buried on Saturday.   Upon inquiry he discovered that no minister had been engaged and, becoming suspicious, he caused the body to be exhumed. It was found that the body was in a box of rough boards, not as good as and smaller than the ordinary rough box; there was no lining in the box and the shroud which McCracken had selected and which had been laid aside for him was not upon the body.

The despicable dishonesty of the proceeding no doubt aroused the righteous indignation of the learned judge who presided at the trial.   All the elements of the offense with which the appellant was charged, except a false pretense of an existing fact, were clearly present. The learned judge recognized the principle that, in such a case, there must be a false representation as to an existing fact, but held that the intention of the defendant, or his state of mind at the time he made the representations, was an existing fact, concerning which the false pretense might be made, and charged the jury as follows: "You must be satisfied, in order to convict, and beyond a reasonable doubt, that at the time this transaction took place between McCracken and defendant, the defendant then did not intend to deliver the property, the case and shroud, and intended to retain it and the transaction on his part was merely a pretended sale."   The defendant presented a written request for instruction that "Under all the evidence in the case, the verdict of the jury must be not guilty," which point the court refused and to that ruling the defendant took an exception.   The assignment of this ruling for error properly raises the

question of the sufficiency of the evidence to warrant a conviction under the provisions of the statute.

It has been held in some jurisdictions that if A buys property intending not to pay for it he obtains that property by a false pretense. In such a case the man makes no representation at all. All that he does is to make a promise, and a promise is not a representation of fact. Those decisions seem to be based upon the theory that, in legal contemplation, a promise with an intention not to perform is a false pretense, because a promise to do a thing of necessity implies a present intention to do it, and, therefore, whenever you have a promise coupled with an intent not to perform, you have an implied false representation of an intention to do the act which the defendant promised to do, and so a false pretense. There can be no distinction, in principle, between buying property, intending not to pay for it, and receiving money upon a promise to deliver goods or render some service in the future, with the present intention of not performing that promise. The action in either case is fraudulent, but it is not the crime of obtaining money by a false pretense, contemplated by the statute. "A false pretense, to be within the statute, must be the assertion of an existing fact, not a promise to perform some act in the future. A man who asserts that he is the owner of a house, states a fact, and one that is calculated to give him a credit. But a mere failure to keep a promise is another and very different affair. That occurs whenever a man fails to pay his note. It is true Chief Justice GIBSON doubted in Com. v. Burdick, 2 Barr at page 164, whether every naked lie by which a credit has been gained is not a false pretense within the statute. This doubt has run its course, and has long since ceased to disturb the criminal law of the State": Com. v. Moore, 99 Pa. 574. When the money is obtained by both a pretense and a promise, the offense is within the statute, if the pretense of a false existing, or a past fact be sufficient: Com. v. Wallace, 114 Pa. 405. It is not sufficient that there be a lie, there must be a lie with a circumstance: Com. v. Henry, 22 Pa.

253. These decisions of the Supreme Court of Pennsylvania are in entire harmony with those of the courts of Massachusetts and New York and with the views of text writers of recognized authority: Com. v. Althouse, 207 Mass. 32; People v. Blanchard, 90 N. Y. 314; II Ruling Case, Law, section 9, page 831; II Russell on Crimes 289; II Bishop on Criminal Law 400.

The evidence in this case did not disclose that the defendant had made any misrepresentations as to an existing fact. He made a promise to do something in the future, which promise he failed to perform. If his guilt or innocence is a question which must be submitted to a jury, then every man who fails to keep a contract upon which he has received some advance payment would be in peril. The defendant's conduct was such as to merit the condemnation of all men, but when we come to consider whether he was guilty of the offense defined by the statute we must apply the same principles which protect better men. This judgment cannot be sustained upon the ground that defendant received the money in a manner which rendered him guilty of larceny. When McCracken paid the money he parted not only with the possession but with the property in the money; he was never to get that money back nor was he then and there to receive anything in exchange for it; all that he had was the promise of the defendant to do something in the future. The defendant could not, under this indictment, be found guilty of larceny of the shroud, for the indictment does not aver that the shroud was the property of McCracken. It may be that this defendant, if he had been properly indicted for larceny as a bailee of the shroud, might have under the evidence in this case been convicted of that offense, but upon that point we are not called upon to express an opinion. The court below erred in refusing the request of the defendant for an instruction that the verdict must be not guilty and the fourth assignment of error is sustained.

The judgment is reversed and the defendant is discharged.