## Commonwealth v. Kohler et al.

*Criminal law—False pretences—Broken promise—Indictment—Sufficiency —Act of March 31, 1860.*

1. To sustain a charge of false pretences, there must be a false representation of an existing fact.

2. An indictment that charges that defendants falsely promised to invest moneys in a first mortgage lien on certain premises, which, however, were afterwards invested on a fourth mortgage, with an averment that defendants knew the character and standing of the mortgage, does not sustain a charge of false pretences.

3. As the indictment did not charge a crime, there could be no conviction, even of larceny.

Act of March 31, 1860, § 111, P. L. 382, 410, considered.

Motion in arrest of judgment. Q. S. Lehigh Co., June Sess., 1921, No. 75.

*Richard W. Iobst,* District Attorney, and *Gernerd & Boyle,* for Commonwealth.

*Dallas Dillinger, Jr.,* for defendants.

HENRY, P. J., 52nd judicial district, specially presiding, Dec. 22, 1922.—The defendants were convicted under an indictment charging false pretence, in that they did "unlawfully, falsely and designedly pretend to the said Melville B. Schmoyer and Anna K. Schmoyer, his wife, that they, the said Victor Z. Kohler and Marcus B. Unangst, would invest the sum of Three Thousand Dollars ($3000) . . . the property of the said Melville B. Schmoyer and Anna K., his wife, in a first mortgage lien upon the real estate known as No. 124 South West Street, Allentown, Lehigh County, Pa.," and that the said Schmoyers, relying upon said statement, gave to the defendants said sum of $3000, which was invested not as a first mortgage, but as a fourth mortgage upon the said premises, followed by the averment that the defendants knew the character and standing of the mortgage in question. The defendants have moved in arrest of judgment, and in support thereof contend that the indictment does not charge an indictable offence.

It is fundamental that to sustain a charge of false pretence there must be a false representation of an existing fact. The charge in the indictment is that the defendants falsely promised, and unless a false pretence could be with reference to a state of mind, such promise is not an indictable false pretence.

Commonwealth v. Kohler et al.

In Com. v. Mauk, 79 Pa. Superior Ct. 153, it was clearly decided that an indictment for false pretence cannot be sustained by proof of a broken promise to perform some act in the future, and this, we think, rules the case now under consideration.

The Commonwealth contends that if the false pretence is not proven, but the money was secured under such a state of facts as might constitute a larceny, there still might be a conviction, but this is only so where the indictment charges a crime. Before there can be a conviction of larceny, or before there can be a conviction upon a broken promise, coupled with a false representation of fact, there must be an indictment setting forth a criminal offence. In this case the indictment fails to charge an offence under the law, and consequently the conviction must fall.

And now, to wit, Dec. 22, 1922, judgment in the above entitled case is hereby arrested and the defendants are directed to be discharged.

From James L. Schaadt, Allentown, Pa.