Commonwealth *v.* Schmidt, Appellant.

Argued November 21, 1928.

103

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Robert V. Bolger,* for appellant, cited: Simon & Sons v. Emery, 254 Pa. 571; Urban v. Tyszka, 16 Dist. Rep. 625; Pittsburgh National Bank v. McMurray, 98 Pa. 538; Commonwealth v. Moore, 99 Pa. 570; Commonwealth v. Mauk, 79 Pa. Superior Ct. 153.

*Bryan A. Hermes,* and with him *John H. Maurer,* Assistant District Attorney, and *John Monaghan,* District Attorney, for appellee.

Opinion by Cunningham, J., December 13, 1928:

Appellant was convicted upon an indictment drawn under section 111 of the Act of March 31, 1860, P. L. 410, and charging him with having obtained, on April 1, 1925, from Helen Kendrick, the prosecuting witness, the sum of $2,300 by falsely pretending that a real estate and investment company, of which he was the president, was the owner of a certain mortgage upon premises situated at No. 2665 Scpviva Street in the City of Philadelphia, which security the company could and would sell and assign to her for that amount; whereas, the truth was that the company did not then own and could not sell the mortgage. No evidence was offered on behalf of appellant. The

learned President Judge of the 51st District, specially presiding, submitted the case to the jury upon the evidence for the Commonwealth; refused a new trial; declined to arrest the judgment; and pronounced the sentence from which this appeal was taken.

The controlling question involved is whether the evidence for the Commonwealth was sufficient to warrant the submission of the case to the jury. That evidence may be thus epitomized: Appellant was president of Fred E. Schmidt and Son, Incorporated. This company conducted, in connection with its real estate business, a joint investment fund, in which Mrs. Kendrick was a depositor. Her depositor's book showed that, beginning April 18, 1923, she had made deposits of various amounts and, on April 1, 1925, had on deposit the sum of more than $2,300; upon this she was entitled to receive interest at five per cent. per annum and was privileged to withdraw the principal, or any part thereof, upon two weeks' notice in writing.

On April 1, 1925, having received a letter from the company "in reference to a mortgage, a first mortgage" she went to the office of the corporation where she saw appellant, who told her "that his company owned a good mortgage that they could sell [her] for $2,300," upon a property at 2665 Sepviva Street. Mrs. Kendrick testified that, relying on what appellant told her, she signed an order drawing on her deposit for $2,300 for the purpose of buying the mortgage, and gave the order to the corporation. It was charged against her account as of that date. An "interim receipt," signed by appellant for the company, was given her, the material portion of which read: "Received of Helen Kendrick the sum of twenty-three hundred dollars, for the purchase of first mortgage of twenty-three hundred dollars, given by Luther Lyons and Joseph W. Klingel, to Fred E. Schmidt & Son, Inc., and secured on premises No. 2665 Sepviva Street. Payment of principal and interest on the above mort-

gage as the same shall accrue, is hereby guaranteed by Fred E. Schmidt & Son, Inc.''

The mortgage was not assigned, nor was the money ever returned to the prosecutrix. More than four months prior to the making of the representations upon which the prosecution was based, and the obtaining of the order, namely, on November 14, 1924, the Schmidt Company had assigned the mortgage in question, together with certain other mortgages, to Central Philadelphia Building and Loan Association, in connection with a bond given to secure a loan from it of $20,800. The assignment was executed by appellant, as president, and by the treasurer of the Schmidt Company and recorded November 25, 1924. The secretary of the association testified that on payment of $2,300 the mortgage would have been reassigned to the Schmidt Company; that the money was never paid; and that the mortgage was assigned in 1926 by the building and loan association to the Mutual Fire Insurance Company of Germantown.

The main contention advanced in behalf of appellant was that the representation relied upon by the Commonwealth relative to the ownership of the mortgage was not in fact false because the transaction between the Schmidt Company and the building and loan association, "while in form an assignment, was in reality a pledge or some other form of bailment," and the Schmidt Company, therefore, had the right to redeem or recover the security on payment of the debt for which it was pledged. It was further suggested that the representation that the mortgage would be assigned to the prosecutrix was merely a promise to do something in the future (Com. v. Mauk, 79 Pa. Superior Ct. 153; Com. v. Forney, 88 Pa. Superior Ct. 451), and that appellant could not be convicted of false pretense even if he did make it and had no intention of fulfilling the promise. There would be force to this argument if that had been the only representation

shown by the testimony, but the prosecutrix testified positively that appellant told her the company "owned" the mortgage and that it "could sell" the security to her for $2,300. There was no indication in the receipt signed by appellant that it would be necessary for the Schmidt Company to obtain a reassignment of the mortgage. The trial judge refused the request of appellant's counsel for a directed verdict and submitted to the jury the question of the intent of appellant in making the uncontradicted representations relative to the ownership of the mortgage. The jury was instructed with respect to the elements of the charge in this language: "First, there must be a false representation of an existing fact. This must be made by the defendant with knowledge of its falsity. Then, in order to sustain a conviction of false pretense, the person to whom this representation was made, must have believed it and relied upon it, and under that reliance must have given up something of value by reason thereof." The questions whether these elements were all present in the testimony of the Commonwealth and whether it had met the burden of showing, beyond a reasonable doubt, the guilt of the defendant of the charge as thus explained were fairly and adequately submitted to the jury.

Upon the vital question the trial judge said: "What does a person mean when they represent that they are the owner of a mortgage under these circumstances? Is it as the Commonwealth contends, a false representation because the ownership had passed from the defendant company to the Central Building & Loan Association on completing the transfer and getting full consideration money? Or was the defendant justified in construing the fact of ownership of the property as being his when the representation of ownership was made, as the defendant contends, namely, that he had the right to get it back on the return of the loan for which he transferred it?"

Complaint is made that the Commonwealth did not produce the order given by the prosecutrix for the withdrawal of her deposit; we find no justification for this complaint because she testified that she gave the order to the Schmidt Company. Several of the assignments charge error in refusing to affirm certain points submitted in behalf of appellant but from an examination of the charge we are satisfied that the instructions contained in the general charge amounted to an affirmance of all the points appellant was entitled to have affirmed under the evidence: Com. v. Evans, 70 Pa. Superior Ct. 534, 539. Upon a consideration of the entire record we are of opinion that the evidence was sufficient to require the submission of the case to the jury and that it was properly submitted.

By the third assignment it is charged that the trial judge erred in sentencing appellant to make restitution to the prosecutrix in the sum of $2,300 in addition to paying the costs and undergoing an imprisonment. It is argued that the testimony did not show that the prosecutrix parted with this amount on the faith of the alleged representations. We think there was evidence from which the jury could find that this amount was obtained from her through the medium of her order against her account which she testified was given for the express purpose of buying the mortgage. There being sufficient evidence to support the verdict, that portion of the sentence relating to restitution was justified by section 179 of the Act of March 31, 1860, P. L. 382.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.