## Commonwealth v. Tudesco

*Joseph M. Smith,* Assistant District Attorney, *Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, for Commonwealth.

*I. Finkelstein* and *Jay D. Barsky* and *Silver & Barsky,* for defendant.

FLOOD, P. J., March 22, 1960.—It appears to me that the evidence fully justifies the trial judge's finding of the following facts:

That defendant, Tudesco, sold and took a down payment of $5,000 on a 17/32 interest in the West Virginia oil lease, settlement to be made in 37 days; that at the time, he knew that he had assigned all of the income as to 15/32 of the 17/32 and that this assignment was to exist until the assignees had recouped their original investment in the well in the amount of approximately $80,000 or otherwise voluntarily released the assignment; that Tudesco knew that when he accepted the $5,000, there was no prospect of his paying off the $80,000 within the 37 days; that he represented to the buyers that he owned a 17/32 interest in the lease at the time he accepted the down money; that he contracted that the leaseholds would be delivered "free and clear of all liens, encumbrances and objections other than those . . . set forth in the opinions of title . . . delivered to the buyers at the signing of this agreement;" that he knew that he could not get a release from the assignees within 37 days in any other way than by paying the $80,000; and that the prosecutors were deceived by these misrepresentations.

The evidence further justifies the finding that the misrepresentations were material. There is some evidence that the purchasers were more interested in

getting control of a producing well for their own purposes than getting the income from it, and it is possible that Tudesco's ownership of 17/32 was enough to give them this control even though they did not get any income from most of the 17/32. Yet the finding could also be made that they were quite interested in the income from this 17/32 and that there was a misrepresentation that they would be entitled to it when Tudesco knew he could not give them such title to the income. Furthermore, although Tudesco merely stated that he owned a 17/32 interest in the lease, there was ample evidence to justify a finding that the prosecutors justifiably relied on the interpretation that this meant an unencumbered ownership rather than ownership of bare legal title to 15/32. As such, Tudesco's statement constituted a misrepresentation of an existing fact: Commonwealth v. Schmidt, 95 Pa. Superior Ct. 102 (1928).

The evidence also warrants the finding that Jaffe, defendant's counsel, did not know the crucial fact that a large encumbrance on the income existed when he advised Tudesco in this matter, since Tudesco did not tell him. Thus, Tudesco had no right to rely upon the advice of Jaffe nor upon the agreement of sale prepared by him under the circumstances. Since it seems clear that Jaffe did not otherwise know that the assignment was to secure the entire investment of the assignees, the mere fact that his letter to West Virginia stated that it was security for "their investment" is not enough to show that he was aware that this meant security for their entire investment of $80,000 rather than the relatively small investment of approximately $2,300 which, he testified, he understood they had promises to make for the purpose of having the well cleaned out.

Defendant's motions for new trial and in arrest of judgment are overruled and defendant is ordered to

appear in room 602 City Hall, Philadelphia, on Monday, April 18, 1960, at 10 a.m. for imposition of sentence.