Commonwealth *v.* Gold, Appellant.

Argued September 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Leon W. Silverman,* for appellant.

*Deborah E. Glass,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 13, 1971:

On July 7, 1970, defendant Gold, who operated a used car agency, was tried on a charge of cheating by false pretenses. The trial judge, sitting without a jury, found appellant guilty as charged and sentenced the defendant to three years probation plus payment of $1,-000 to the use of the county plus costs. Subsequently, this appeal was filed.

The charge of cheating by false pretenses brought against defendant arose from his sale of a used automobile to the complainant, Mr. Eugene Woturski. Defendant testified that he was both an employee (salesman) and half-owner of this used car business. Complainant's testimony was that he had seen the automobile in question advertised in a newspaper as having 27,000 miles on it and that when defendant showed him the car, it actually had more than 33,000 miles on it. Complainant testified that after having purchased the car, he started having difficulty with it, whereupon he "took it home and looked it all over some more". As a result he noticed on the door of the automobile an "Atlantic" oil change sticker which indicated that in

fact the car had more than 70,000 miles on it. Although he, along with a friend, inspected this car at the time of original purchase, he did not at that time locate this sticker. At the time of trial, the Commonwealth conceded that the sticker was extremely difficult to read, it being described by the Assistant District Attorney as "totally useless" and "virtually blank."

The defendant purchased this automobile through the services of a man whose activity could be described as a free lance or independent purchasing agent, who in that capacity served other used car businesses as well. Through this agent, the defendant purchased the automobile in question from a Willis Volkswagen Company, in New Jersey. Willis Company had in turn acquired the automobile from its former owner, Mr. Arthur Lansing. Mr. Lansing testified that the car had between 70,-000-75,000 miles on the odometer when he had traded it in to Willis Volkswagen Company. However, the Commonwealth introduced no testimony from Willis Company regarding the odometer reading at the time it sold the car to defendant's purchasing agent. Furthermore, there was no testimony that defendant turned back the odometer or that he knew that the odometer was set back.

To sustain the conviction of cheating by false pretenses, three elements must be present: (1) a false assertion of a fact; (2) obtaining something of value thereby; and (3) *an intent to defraud*: *Commonwealth v. Matthews,* 196 Pa. Superior Ct. 60, at page 64 (1961). In general, this crime contemplates an oral or written misrepresentation or other conduct, *which is calculated and intended to deceive,* which does actually deceive, and which is the means by which the perpetrator obtains the object of value from the other party. *Commonwealth v. Prep,* 186 Pa. Superior Ct. 442, 142 A. 2d 460 (1958).

The evidence offered was insufficient to justify the findings and conclusions made in this case in regard to several important aspects. Much emphasis was placed on the oil change sticker which at best was very hard to decipher as evidenced by the fact that the complainant himself indicated by his testimony that he had to use a magnifying glass in order to read it. There was some testimony that the sticker was supposed to indicate that the car had more than *70,000* miles on it; however, the trial judge merely indicated that "there are *some figures* at the top that indicate more than *30,000* miles." This type of evidence would be of very little probative value from which to conclude that defendant had either knowledge of the excessive mileage or in any way had been involved in turning the odometer back to a lower figure. A used car purchaser, either private or commercial, should not be held to such a severe burden or duty of examination in determining whether the mileage of a used automobile has been turned back. It is essential that the person making the false representation had *knowledge* of the falsity of the statement. *Commonwealth v. Schmidt,* 95 Pa. Superior Ct. 102.

As mentioned above, the testimony of the former owner of this vehicle, Mr. Lansing, was relied upon to corroborate the fact that the automobile did indeed have between 70,000-75,000 miles on the odometer when he traded it to Willis Volkswagen Company in Burlington, New Jersey. The Commonwealth introduced no testimony from that company as to what the odometer showed when it resold the car to the man who acted as defendant's purchasing agent. Numerous people at the Willis Volkswagen Company could have handled this automobile and that company, or their salesman who sold the car, would have as much to gain by turning the odometer back. Furthermore, the individual who acted as defendant's purchasing agent and who

brought the car to the attention of defendant initially would have similar motives for turning back the odometer reading as well, for if defendant would purchase the car, which he did, this individual would receive a commission. Without the testimony from the various people who had possession and control of the car prior to the defendant coming into possession, there is lacking a serious link in the chain of evidence to reasonably and justifiably conclude that it was defendant Gold who tampered with the odometer, or even was aware that the car's mileage was incorrectly reported on the odometer.

Finally, there was much weight placed upon the fact that defendant inserted an advertisement for the sale of this automobile in a newspaper which listed the mileage at 27,000 miles. When the complainant inspected the automobile, he noticed that the odometer registered approximately 33,000 miles. The complainant mentioned this discrepancy to the defendant and the defendant explained that there must have been some error in the newspaper printing. It was not proper for the lower court to make adverse inferences from this occurrence. Complainant was not deceived by this ad and was in fact satisfied with the car at the time of his initial inspection of it in spite of this mileage discrepancy. At trial, there were no facts brought forth by the Commonwealth from which any adverse inferences could be drawn against defendant in connection with this advertisement.

While cognizant of the lack of public trust in the used automobile sales industry because of its many abuses, we feel that in this case there was insufficient evidence to convict the defendant of the charge of cheating by false pretenses. Any need for stricter controls of the used car industry is a matter for legislative attention and cannot be of influence in the judicial determination of this case.

186

For the above reasons the judgment of the court below is reversed.

WRIGHT, P. J., would affirm the order below.