## Commonwealth v. Bomersbach, Appellant.

*Jerome T. Foerster,* with him *Smith, Fox, Roberts, Foerster & Finkelstein,* for appellant.

*William J. McDonald*, Assistant District Attorney, with him *Paul R. Mazzoni*, District Attorney, submitted a brief, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellant contends that the lower court erred in failing to arrest judgment on the grounds that his demurrer to the Commonwealth's evidence should have been sustained in a prosecution for obtaining money by false pretenses.[1] We agree, and reverse the lower court's refusal to arrest judgment.

The prosecution arose out of an investment plan proposed by appellant to the two complaining witnesses, William Duck and Clarence McLaughlin. Through an employee, appellant was introduced to Duck and McLaughlin, and, in a series of meetings, explained a business venture to them. Appellant proposed to form a company which would make use of a chemical process for the refining and reclamation of hydraulic fluid. The process was a secret known only to one Patrick Nappi. The complainants knew that no company had yet been formed, that Nappi was the only person who knew the process, that the success of the venture depended upon obtaining from Nappi the rights to use the process, and that Nappi was under no obligation to allow the proposed company to use the process.

The complainants invested $5,000.00 each in the proposed company. That sum was paid by checks endorsed in a manner indicating that the checks were paid for the organizational and promotional expenses of a proposed new company. The checks were then deposited in a bank account in appellant's name as escrow agent. For various reasons, paramount of which was Nappi's

---

[1] 18 P.S. §4836 Cheating by fraudulent pretenses "Whoever, by any false pretense . . . obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, . . . is guilty of a felony, . . . ."

refusal to join the venture, the company failed to progress, and the investors demanded a return of their money. Receiving no satisfactory answer to their requests, they filed a criminal complaint against appellant. An indictment was returned charging that appellant obtained money from the complainants on the pretense that he was going to form a corporation and that appellant knew such a pretense to be false. Verdicts of guilty were returned on these indictments after which appellant filed motions in arrest of judgment and for a new trial. From the denial of those motions, this appeal followed.

In order to sustain a verdict on an indictment charging false pretenses, the Commonwealth must show: (1) a misrepresentation of an *existing fact;* (2) reliance by the victim on the false statement; (3) the obtaining of money as a result thereof; and (4) an intent to defraud. *Commonwealth v. Silia,* 194 Pa. Superior Ct. 291, 166 A. 2d 73 (1960). The first element of the offense has clearly not been established by the Commonwealth. The only representation of appellant was that he was going to form, in the future, a company utilizing a formula controlled by a third party. The complainants were fully aware that no company had been formed, and that no rights to the formula had been obtained.

In the opinion of the lower court, the evidence presented was sufficient to sustain a verdict of guilty if the jury believed, as the indictment charged, that appellant did not intend to form the company. That this is insufficient to establish the crime of false pretenses has long been the law of this Commonwealth. In *Commonwealth v. Moore,* 99 Pa. 570 (1882), the defendant induced another to execute a note to him (defendant) for the purpose of "taking up" an outstanding note. The defendant never "took up" the second note. The

question on appeal was whether the indictment, which charged that the defendant never *intended* to "take up" the first note, set forth an indictable false pretense offense. The Supreme Court held that the crime had not been set forth because no misrepresentation of an existing fact had been made by the defendant. His representation concerning his future use of the note was not a representation of an existing fact, but a mere promise to do a future act. An essential element of the offense had not been shown, and the Court upheld the lower court which had arrested judgment.

In *Commonwealth v. Mauk,* 79 Pa. Superior Ct. 153 (1922), the evidence showed that the defendant had promised to provide certain funeral services for which he was paid in advance, and then failed to fulfill that promise. The trial judge charged the jury that they could return a verdict of guilty if they found that at the time the defendant made the representation of future conduct, he had no intention of carrying it out. This Court specifically rejected that theory, holding that *a promise of future conduct, without the present intention of performing that promise* was not within the false pretenses statute because no representation of an existing fact was made.[2] The Court noted that to allow a conviction to stand on an unfulfilled promise to render future services would place in peril "every man who fails to keep a contract upon which he has received some advance payment." 79 Pa. Superior Ct. 153, 158.

In the instant case, no representation of an existing fact was ever made. Appellant represented only that certain actions would be taken in the future. He made no representation of fact, and the offense has thus not been shown.

---

[2] This principle was reaffirmed by this Court in *Commonwealth v. Kelinson,* 199 Pa. Superior Ct. 135, 142-143, 184 A. 2d 374 (1962). See generally, False Pretenses, 35 CJS §9; 168 A.L.R. 835.

The judgment is reversed, and the appellant discharged.

WRIGHT, P. J., would affirm on the opinion of Judge CONABOY.