## Commonwealth v. Mitchell

*Salvador Salazar,* Assistant District Attorney, for Commonwealth.

*Margaret Poswistilo,* for defendant.

FRANCIOSA, J., January 8, 1974.—Defendant, charged with the offense of cheating by fraudulent pretenses, was convicted in a jury trial. Thereafter, defendant filed motions for a new trial and in arrest of judgment.

Since defendant was found guilty, we must review the evidence in the light most favorable to the Commonwealth, giving it the benefit of all favorable inferences that can reasonably be drawn from the testimony.

Following this well-established principle, we will briefly set forth the facts of this rather unique case.

On October 31, 1972, Pennsylvania State Trooper James J. Margle was on duty in the City of Easton as an undercover narcotics agent. At 7:05 p.m., Trooper Margle was a passenger in an automobile proceeding east on Northampton Street in the City of Easton. In an area known as the "Circle," Trooper Margle observed defendant standing in front of the Woolworth store. At this time, the driver of the vehicle in which Trooper Margle was riding made a motion to defendant and said, "Are you holding?"[1] To this inquiry defendant

---

[1] Trooper Margle testified that this inquiry meant did defendant have any drugs.

responded by motioning for the car to go around the circle and come back in front of him on his side of the street. After the driver complied with this directive, Trooper Margle asked defendant, "Do you have any 'skag'?"[2] In answer, defendant pointed to an alleyway and said, "park there." The driver of the car complied. After a wait of approximately three to five minutes, defendant arrived; he looked down into the car at the driver and Trooper Margle and said, "How many do you want to do?"[3] Trooper Margle replied he wanted "to do two from him, two bags of heroin." Without replying defendant reached into his pocket and extracted two tin foil packets approximately an inch in length by a quarter of an inch in width. In exchange for these packets, Trooper Margle gave the defendant $20. Subsequently, the contents of the packets were analyzed by the State Police Crime Laboratory and found to be quinine and not heroin. Since a prosecution under the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P. L. 165, would not be applicable, defendant was arrested and charged with the offense of cheating by false pretenses.

The criminal offense of cheating by fraudulent pretenses is proscribed by June 24, 1939, P. L. 872, sec. 836; May 21, 1943, P. L. 306, sec. 1, 18 PS §4836, which reads, in pertinent parts:

"Whoever, by any false pretense, . . . obtains from any other person any . . . money . . . with intent to cheat and defraud any person of the same . . . is guilty of a felony."

It is well settled that in order to sustain a verdict on an indictment charging fraudulent pretenses, the

---

[2] Trooper Margle testified without objection the word "skag" was a street term meaning heroin.

[3] Again, Trooper Margle testified, without objection, this question meant, "How many bags of heroin did I want to purchase."

Commonwealth must have proved beyond a reasonable doubt the co-existence of the following elements: (1) A knowing misrepresentation of an existing fact; (2) reliance by the victim on the false statement; (3) the obtaining of money as a result thereof; and (4) an intent to defraud: Commonwealth v. Bomersbach, 224 Pa. Superior Ct. 40, 302 A. 2d 472 (1973); Commonwealth v. Gold, 220 Pa. Superior Ct. 181, 286 A. 2d 676 (1971); Commonwealth v. Silia, 194 Pa. Superior Ct. 291, 166 A. 2d 73 (1960). In general, this offense contemplates an oral or written misrepresentation or other conduct which is calculated and intended to deceive, which does actually deceive, and which is the means by which the perpetrator obtains the object of value from the victim: Commonwealth v. Gold, supra; Commonwealth v. Prep, 186 Pa. Superior Ct. 442, 142 A. 2d 460 (1958).

Although the factual background of the instant offense is an unusual one for a cheating by false pretenses charge, nonetheless, all the elements of the crime are present here. In our view, the conclusion is inescapable that defendant knowingly misrepresented quinine to be heroin and obtained money as a result of his misrepresentation of an existing fact. Thus, the uncontradicted evidence, both direct and circumstantial, and all inferences reasonably flowing from it is clearly sufficient to sustain the jury's verdict of guilty as charged.

Defendant contends that there cannot be reliance on the part of a person acting as an undercover agent. He cites no authority for this proposition. We are not persuaded by this unsupported contention. As a person, a police officer may become the victim of a crime. In the instant case, Trooper Margle would not have paid $20 for a small quantity of quinine. Obvi-

ously, he relied on defendant's representations in exchanging that sum of money for two small unopened foil packets. Certainly, he was deceived; and this is enough. See Commonwealth v. Johnson, 312 Pa. 140, 167 Atl. 344 (1933).

Next, defendant contends that the trial judge erred in his instructions to the jury regarding the elements of the offense of cheating by fraudulent pretenses. After a careful review of the trial court's charge, we are satsified that no error was committed.

Finally, defendant argues that there was a variance between the allegations of the indictment and the proofs presented at trial. Since this objection was not raised until after verdict, it has been waived. The proper method to raise such an objection is by a demurrer at the conclusion of the Commonwealth's case.[4] It cannot be taken advantage of by a motion in arrest of judgment. See 10A P. L. Encyc. 504 §804.

For the above reasons, defendant's motion in arrest of judgment and his alternative motion for a new trial are denied; and, we enter the following

## ORDER OF THE COURT EN BANC

And now, January 8, 1974, defendant's motion in arrest of judgment and for a new trial are denied and dismissed in accordance with the foregoing opinion. The Northampton County Probation Office is directed to conduct a presentence investigation with report to the court. Thereafter, defendant is to appear for sentencing on a date to be fixed by the court.

---

[4] Counsel for defendant entered only a general demurrer to the sufficiency of the Commonwealth's evidence.